IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NADINE JOHNSON, individually,
and as parent and on behalf of
N. Johnson, a minor,

    Plaintiff,

 vs.              CIVIL NO. 98-1495 BB/LFG

HONSTEIN ENERGY CO., now merged
into Honstein Oil Co., a New Mexico
corporation; and ROGER ENCINIAS,
individually, and as a supervisory
employee of Honstein Oil Co.,

    Defendants.

## **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

  THIS MATTER is before the Court on Plaintiff's Unopposed Motion Requesting Approval of Settlement [Doc. 8]. The Court considered the pleadings, testimony of the Plaintiff and representations of counsel, and enters the following findings of fact:

  1. Plaintiff, Nadine Johnson ("Johnson"), brings an action for unlawful employment discrimination against Defendants, alleging violations of Title VII of the Civil Rights Act as well as violations of the New Mexico Human Rights Act. Johnson also brings various claims arising under New Mexico's common law, including a claim brought on behalf of N. Johnson, her minor child, for bystander recovery.

  2. Johnson contends that while at work, she was improperly touched by one of Defendant's employees. This improper touching may have been witnesses by the three-year-old minor child.

3. Johnson believes that the minor child, N. Johnson, may have suffered emotional injury as a result of witnessing the alleged improper touching.

4. Johnson's suspicion of injury arises because the child began wetting his bed after this incident. While the child had previously wet his bed, that type of conduct had ceased some time prior to the alleged improper touching incident.

5. To date, no health care professional has determined, within a reasonable psychological probability, that the child suffers from any type of emotional injury. However, arrangements have been made for the child to participate in counseling.

6. Johnson settled her claims, together with her child's claims, for a total of $27,500. Out of that total settlement, $2,500 has been allocated for the benefit of the minor child, N. Johnson.

7. Johnson acknowledges that, if approved by the Court, the $2,500 will be managed by her for the sole use and benefit of the minor child.

8. Johnson acknowledges that the settlement proceeds belong to the minor child and must be used for the sole benefit of the minor child. While Johnson may determine how best to utilize the funds, i.e., educational savings, counseling, or any other reasonable or necessary expenditure, she acknowledges that the funds must be used for the child's benefit.

9. Johnson is represented by competent counsel and has fully discussed the terms and conditions of the proposed settlement with her attorneys. Following participation in a mediation process, she determined to settle her claims for the total amount indicated herein.

10. Johnson acknowledges that if her child has indeed suffered an emotional injury, and if the child's condition were to worsen in the future, there would be no opportunity to reopen this lawsuit and to seek additional damages on behalf of the minor child.

11. Johnson's decision to settle these claims is the result of a knowing, willful and voluntary determination after consultation with her attorneys.

12. Johnson acknowledges that the decision to settle is knowing, willing and voluntary, and not the result of any threat, force, duress or coercion.

13. The settlement agreed to by the parties is the result of compromise. The fact that the parties participated in settlement discussions or that settlement funds are paid is not a finding of any finding of liability or wrongdoing on the part of any party.

14. Johnson requests that the Court approve this settlement.

## **Recommendation**

Having considered the pleadings, motion and testimony of the parties, I recommend that the settlement be approved and that the parties' stipulated motion for dismissal be entered.

_____
Lorenzo F. Garcia
United States Magistrate Judge

ATTORNEYS FOR PLAINTIFF:
Mary Ann McConnell, Esq.
George T. Geran, Esq.

ATTORNEY FOR DEFENDANT
HONSTEIN ENERGY:
Randolph B. Felker, Esq.

ATTORNEY FOR DEFENDANT
ENCINIAS
David G. Crum, Esq.